**Petition for Naturalization of Fadey Gregorovich OGNISTOFF.**

**No. 121508.**

United States District Court
N. D. California, S. D.

Oct. 12, 1956.

Daniel H. Lyons, San Francisco, Cal., for the Government.

Stiller & Wattenberg, San Francisco, Cal., for petitioner.

EDWARD P. MURPHY, District Judge.

The question raised by this petition for an order requiring the Immigration and Naturalization Service to process the application of the petitioner is whether petitioner's period of service in the National Guard of the United States and of California entitles him to the benefits of Public Law 86, 83rd Congress, 1st Session, U.S.Code Cong. and Admin.News, 83rd Congress—First Session, 1953, Vol. 1, p. 132, 8 U.S.C.A. § 1440a, which, so far as relevant, provides that an alien who

"after June 24, 1950, and not later than July 1, 1955, has actively served or actively serves, honorably, in the Armed Forces of the United States for a period or periods totaling not less than ninety days * * *."

may be naturalized in accordance with the Act.

Petitioner's period of service as set forth in the file and summarized in his brief, is as follows:

"Active Duty Training—
Camp 46 days
Full Time Inactive Duty
Training 23 days
Inactive Duty Training—
"Drills" and "Assemblies" 136 days
Total 205 days"

This service took place between June 24, 1950 and July 1, 1955.

Petitioner has argued at great length, citing authority not always restricted to legally suasive matter, that the National Guard of the United States and of California is a part of the Armed Forces of the United States. While that proposition would seem to be correct, see 50 U.S.C.A. § 901(e, f), petitioner is barred by the requirement that he shall have "actively served" for not less than ninety days. The definitions of 50 U.S.C.A. § 901(a) through (d) were in effect at the time Congress passed Public Law 86, 83rd Congress, 1st Session, quoted supra. Those definitions provide:

"§ 901. Definitions

"When used in this chapter—

"(a) 'Duty' means military service of any nature under orders or authorization issued by competent authority.

"(b) 'Active duty' means full-time duty in the active military service of the United States, other than active duty for training.

"(c) 'Active duty for training' means full-time duty in the active military service of the United States for training purposes.

"(d) 'Inactive-duty training' means any of the training, instruction, duty, appropriate duties, or equivalent training, instruction, duty, appropriate duties, or hazardous duty, performed with or without compensation by members of the reserve components of the Armed forces of the United States as may be prescribed by the appropriate Secretary pursuant to section 301 of Title 37, or any other provision of law, and in addition thereto includes the performance of special additional duties, as may be authorized by competent authority, by such members on a voluntary basis in connection with the prescribed training or maintenance activities of the unit to which the members are assigned. Work or study performed by such members of the reserve components in connection with correspondence courses of the Armed Forces of the United States shall be deemed inactive-duty training for which compensation is not authorized under the provisions of section 301 of Title 37. Any inactive-duty training performed by members of the National Guard of the United States or of the Air National Guard of the United States, while in their status as members of the National Guard or Air National Guard of the several States, Territories, and the District of Columbia pursuant to section 62 of Title 32, or pursuant to any other provision of law, shall be deemed to be inactive-duty training in the service of the United States as members of one of the reserve components specified in section 922 of this title."

Despite the commendable efforts of counsel to seek to show that these definitions have in effect been modified by the generous policy of Congress with respect to alien servicemen and veterans in matters other than naturalization, I find nothing in the legislative history of the Act to sustain that position. U.S.Code Congressional and Administrative News, 83rd Congress—First Session, 1953, Vol. 2, pp. 1716–1722. The plain language of Public Law requires "active" service. Even if the 23 days of petitioner's "Full Time Inactive Duty Training" were to be counted as part of such "active" service, he would have served less than ninety days. In the light of the statutory language, which is different from that involved in Petition of Delgado, D.C.N.D. Cal.1944, 57 F.Supp. 460, I cannot hold that petitioner's "inactive-duty training" may be computed as part of the active service required by Congress.

The petition is therefore denied.